COFFEY KAYE MYERS & OLLEY
BY:  ROBERT E. MYERS, ESQUIRE
IDENTIFICATION NO. 23762
Suite 718, Two Bala Plaza
Bala Cynwyd, PA 19004
610-668-9800

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA WAYNE<br>410 Grandview Avenue<br>Industry, PA 15052<br>**Plaintiffs**<br><br>vs.<br><br>CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, FL. 32202<br>**Defendant** | CIVIL ACTION COMPLAINT<br><br>NO.: 2:23-CV-1600<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff herein is Rebecca Wayne, a citizen and resident of the Commonwealth of Pennsylvania residing therein at 410 Grandview Avenue, Industry, PA 15052.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, .51 et seq., and further amended b the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 – First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., 20301, et seq.

3. Defendant CSX Transportation is a subsidiary of CSX Corporation, a corporation duly organized and existing under and by virtue of the laws of the State of Virginia with its principal headquarters in Jacksonville, Florida. At all times material hereto, CSX Transportation did and regularly does business in the Western District of Pennsylvania.

1

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the times and places hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiffs, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the times and places hereinafter mentioned, the plaintiffs and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

8. As a result of the incidents herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and may have to continue to expend large sums of money in the future in an effort to effect a cure of her injuries, has been unable to attend to her usual duties and occupation and may be unable to attend to the same for an indefinite time in the future, all to her great detriment and loss.

9. The incidents herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiffs.

10. On or about February 3, 2022, plaintiff was called to work and told to report to work at 3:00 p.m. at New Castle, Pennsylvania in the middle of an active snowstorm at which time temperatures were below freezing and it was actively snowing with freezing rain. In fact, the State of Ohio had issued a state of emergency.

11. Plaintiff and her engineer were required to take a train from New Castle, Pennsylvania to Crestline, Ohio and en route, plaintiff was required to clear snow and ice covered railroad switches and to work with ice covered air hoses.

12. Upon arrival at Crestline, Ohio, plaintiff was then required to release handbrakes which were covered with ice thereby preventing them from releasing and operating normally, efficiently and as intended as required by federal regulation 49 U.S.C. Section 20302 (a)(1)(b) and further resulting in the injuries described below.

13. While in the process of releasing a handbrake on a tank car, plaintiff was required to walk on an ice-covered platform causing her to slip. In an effort to prevent herself from falling, plaintiff grabbed onto a ladder thereby further stretching and injuring her left arm, shoulder and neck.

14. The aforesaid incidents were caused by the negligence of the defendant, its agents, servants, workmen and/or employees and also by the defendant's violation of the Federal Employers' Liability Act as well as the Federal Safety Appliances Act and was due in no manner whatsoever to act or failure to act on the part of the plaintiff.

15. Defendant was negligent in failing to inspect, maintain and/or repair its handbrakes and equipment, in failing to remove snow and ice and was negligent per se in failing to make sure that the handbrakes operated safely and efficiently.

16. As a result of the aforesaid incidents, plaintiff sustained injuries to her body including, but not limited to, bones, tissues, nerves, and muscles. Plaintiff sustained injuries to her neck, left shoulder, left arm and elbow and forearm with associated nerve damage requiring multiple injections and possibly surgery. Some or all of the above injuries are or may be permanent in nature and the full extent of plaintiff's injuries is not presently known.

**WHEREFORE**, plaintiff claims of the defendant, damages in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

**COFFEY KAYE MYERS & OLLEY**

BY: _____
**ROBERT E. MYERS, ESQ.**
**Attorney for plaintiff**
Coffey Kaye Myers & Olley
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
(610) 668-9800

DATE: September 6, 2023